CATHERINE HASSETT *vs.* EDWARD W. EVERSON.

FEBRUARY 2, 1912.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

*(1) Taxation. Assessment. Rendering Account.*

Notice was given by assessors of taxes to bring in accounts of ratable estates, at a designated place on the fifth and twelfth of October, at which place and

on which days they would meet to assess the tax ordered by the town. The tax was assessed November 9:—

*Held,* following *Matteson* v. *Warwick & Coventry Water Co.,* 28 R. I. 570, that the notice was defective.

(2)   *Tax Sale.   Statute of Limitations.*

If proceedings to sell for taxes were illegal no lapse of time can change their character, and if a tax purchaser holds possession until protected by the statute of limitations, he then becomes safe, not because his title is any more regular, but because the holder of the better title has become incapable of asserting it.

EJECTMENT.   Heard on agreed statement of facts.

BLODGETT, J.   It appears by the agreed statement of facts in this action of trespass and ejectment for the recovery of possession of a tract of land in the town of Warwick, which action was originally brought in the Superior Court for Kent County and then certified to this court to be heard and determined under the provisions of § 4, cap. 298, Gen. Laws, 1909, as follows:

(1)   That on April 8, 1901, the plaintiff acquired title in fee simple to the close in question by deed duly recorded.

(2)   "That pursuant to the vote of the financial town meeting of the said town of Warwick, held upon the third day of September, 1901, the assessors of taxes of said town did on the ninth day of November, A. D. 1901, assess a tax at the rate of 60c. on each and every one hundred dollars of ratable property; and the property hereinbefore described was taxed to the plaintiff being valued at $2,000.00 and the tax thereon assessed at the sum of $12.00."

(3)   That prior to assessing said tax the tax assessors of Warwick posted and published for the period and in the manner required by law the following notice:

"TOWN OF WARWICK

ASSESSORS' NOTICE.

"WHEREAS, at a Town Meeting holden in and for the town of Warwick, on Tuesday, the 3rd day of September, A. D. 1901, it was

"*Voted,* That a Town Tax of 60 cents on each and every hundred dollars of the ratable property of this town be levied and assessed on the inhabitants thereof and all others owning ratable property therein, to defray the various expenses thereof; that the same be paid into the Town Treasury on or before the first day of January next ensuing: Now (1) therefore

NOTICE

is given to every person and body corporate liable to taxation in said town of Warwick, to bring in unto the undersigned Assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal estate, at the Assessors' Room in the Town Hall, Apponaug, in said Warwick, on Saturday, the 5th, and on Saturday, the 12th days of October next ensuing, at which place and days the undersigned will meet at ten of the clock in the forenoon, and continue together until three of the clock in the afternoon for the purpose of assessing the tax ordered by the Town as set forth in the vote hereinbefore recited.

WARWICK, September 3, A. D. 1901.

> BENJ. F. DAWLEY,
> WM. V. SLOCUM,
> BENJAMIN HILL,   *Assessors.*"
> JACOB A. LOCKWOOD,
> JOHN A. BELCHER.

(4) That said tax not being paid, the collector of taxes of said town made a deed of the same to one Sprague on December 29, 1902, and that by mesne conveyances the defendant has acquired whatever title has passed to Sprague under said tax deed and has "entered upon said land and ousted the plaintiff from the possession thereof."

The insufficiency of the notice above given by the tax assessors is alleged by the plaintiff to invalidate the assessment of the land in question. We are of the opinion that her contention must be sustained. In *Matteson* v. *Warwick &*

*Coventry Water Co.*, 28 R. I. 570, 581, we held as follows:
"The time for rendering an account must follow the day
and hour established for the valuation and ownership of the
ratable estate of the taxpayer, in order that he may be able
to render a true and exact account thereof, as required by
statute." . . . And see *Carr* v. *Capwell*, 30 R. I. 325;
*Struthers* v. *Potter*, 30 R. I. 444; *Whitford, Bartlett & Co.* v.
*Clarke*, 33 R. I. 331.

By the agreed statement of facts it appears that the tax
in question was assessed on November 9, 1901. But this
date does not appear in the notice above set forth. Indeed,
there is no date specified in said notice as of which the tax-
payer is to make a return of his ratable estate. The utmost
that can be claimed under such a notice is that those tax-
payers who chose to do so could make a return as of October
5, 1901, and those who chose to do so might make their
return as of October 12, 1901, a provision which is so clearly
invalid as to require no extended discussion.

The defendant avers that the plaintiff has been guilty of
such laches in the institution of these proceedings that she
is now precluded from a recovery in her favor. Among the
cases cited on defendant's brief is *Martin* v. *White*, 53
Oregon, 319, 327, in which the Supreme Court of Oregon
affirms the doctrine laid down by the Supreme Court of
Michigan in *Groesbeck* v. *Seeley*, (13 Mich. 329), as follows:
(2) "If the proceedings to sell for taxes were illegal, no lapse
of time can change their character, and they can never
therefore become legal. If the tax purchaser obtains pos-
session, and holds it until protected by a limitation law, he
then becomes safe not because his tax title is any more regular,
but because the holder of the better title has become in-
capable of asserting it. As an illegal tax title is a nullity,
it cannot of itself divest or affect the true title in any way,
and the true owner cannot be lawfully compelled to incur
expense or take active measures to get rid of it unless he
sees fit. But if he becomes ousted, whether by a pretended
tax title holder or by any adverse claimant, he can only

secure the enjoyment of his rights by active measures, and the party in possession may then rely on such possession until it is lawfully assailed by suit or otherwise within the period of limitation." This statement of the law by the defendant is exactly the plaintiff's contention and we approve and adopt it.

Inasmuch as it appears by the agreed statement of facts that the defendant has not acquired any title by adverse possession for the statutory period, it follows that, since the assessment is clearly invalid because of the defective notice above set forth, our decision must be for the plaintiff for possession of the close in question, and the papers in the case will be sent back to the Superior Court for the county of Kent, with direction to enter judgment for possession for the plaintiff in accordance with this decision.

*Mumford, Huddy & Emerson,* for plaintiff, *Charles C. Mumford,* of counsel.

*Bassett & Raymond,* for defendant. *Russell W. Richmond,* of counsel.